DEVOE and TOMPKINS *against* JOHN MOFFAT.

Where one person receives from another his check on a bank, to hold as evidence merely of the amount due to him; if the person, receiving such check, fraudulently passes it away to a third person, in payment of an existing debt, the holder of such check, upon discovery of the fraud, is not bound to present it at the bank for payment, especially when he has notice of the facts from the maker, and that payment is stopped.

THIS was an action of assumpsit. The declaration contained all the common money counts, for goods sold and delivered, money had and received, &c.

Plea, general issue and payment.

It appeared in evidence, that some time in the month of May, 1814, the defendant purchased goods from the plaintiff, to the amount of $19 75 cts. That, on the 25th July following, he called in at their store, and said he was ready to pay them, and produced a check on the Mechanic's Bank, in the city of New York, drawn by Joseph Wood, dated 27th July, 1814, payable to J. M., or bearer, for $277. That the plaintiffs received the check, and after deducting the sum of $19 75 cts. gave the defendant their check for the balance, which was duly paid, together with a receipt in full for the $19 75 cts.; the defendant at the same time telling them, the check was good, and would be paid on the 27th. That on the 27th July, and previous to the presentment of said check, Wood, the drawer, called at the store of the plaintiffs, to borrow money, and was then informed they had his check for $277, which was presented to him; he then told the plaintiffs that it had been given to Moffat on the 23d July previous, merely as a memorandum, to show the sum due to him, that it was expressly understood between the drawer and Moffat, that it should not be presented at the bank for payment, but that he should give up this check on the 27th July, and take a note with an indorser for the sum due. That he would, therefore, immediately stop payment at the bank. Wood, who was examined as a witness in the cause, testified to these facts, and that he did stop payment of the said check at the bank on the 27th, and that it had never been paid, and that he, a few weeks after, became insolvent. It also appeared, that on the 27th of July, Wood had funds in the Mechanic's Bank to the amount of $160.

*Maynard*, for defendant, contended that there ought to be proof of a demand of payment at the bank, and cited *Cruger* v. *Armstrong*, 3 Johnson's Cases, 5.

*Anthon*, for plaintiff, cited *Whitebec* v. *Van Ness*, (11 Johns. 410,) and contended, that this was a clear case of fraud, and that presentment was, therefore, unnecessary, and especially, too, as payment had been stopped.

THOMPSON, C. J.   This is a fraud practiced both upon Wood and the plaintiff.   The defendant received the check merely as a memorandum of the amount due to him; he had no right to pass it away.   This case has no analogy to the case cited by the defendant's counsel, a presentment under these circumstances was unnecessary.(1)

Verdict for amount of check, with interest.

(1) The true general rule, on the subject of presenting drafts, checks, &c., for payment, is correctly stated in *Cruger* v. *Armstrong*, cited by the defendant's counsel.   "A check, although generally received as cash when given in payment, is, in form and reality, a bill of exchange.   It possesses all the requisites of a bill.   It has been held to be negotiable.   Chitty 16; 7 T. R. 423.   It is, therefore, necessary to present it for payment, and is generally subject to the same rules.   The draft itself implies, that payment is to be demanded of the drawees.   The person who takes it, receives it on that condition.   It is not a direct promise to pay by the drawer, as by the maker of a promissory note, but the drawer undertakes that the drawee shall accept, and pay, and is answerable only in case of his failure.   It is accordingly considered not as due from him, until such demand be made, and the drawee refuses payment."

The want of funds in the hands of the drawee, excuses the want of notice of non-payment, but does not excuse the non-presentment; because the drawee may pay for the honor of the drawers.   Ib.   The check or bill must also be presented within a reasonable time, otherwise the holder takes upon himself the risk of the banker's responsibility.   But, where the drawer withdraws his funds, and the responsibility of the bank remains good, the drawer cannot avail himself of want of presentment in season ; this would be to allow him to avail himself of his own fraud.   *Conroy* v. *Warren*, 3 Johns. Cases, 264.

With regard to the presentment of a check, the rule seems to be considered well settled in our courts, that as between the holder of a check and an

Devoe v. Moffat.

indorser or third person, payment must be demanded within a reasonable time; but, as between the holder and the maker, or drawer, a demand at any time before suit brought, is sufficient, unless it appears that the drawee has failed, or the drawer has in some other manner sustained injury by the delay.

In commenting on this last branch of this general rule, Nelson, C J., says, "such having been the understanding of our courts, of the profession generally, and of the commercial community, with regard to the doctrine applicable to this description of paper, and that, too, for the period of about forty years, I think we ought not now lightly to depart from it, especially as there is reason to suppose that it has become incorporated with the business interests of the state, which might and probably would be seriously affected by any sudden change. Even if the analogies of the law derived from the established doctrine, in respect to bills of exchange, have been slightly disregarded in the distinction made between the two classes of instruments, it is better to forego any temptation to remedy the discrepancy, than, by so doing, to disturb the settled channels of business upon the supposed existence of the rule, and thus shake, to some extent, the confidence of the commercial community. It is better that a rule of property entering into the every day business of life, be stable and uniform, than that it be the very best that could have been devised. *Little* v. *P hœnix Bank*, 2 Hill, 425.